

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles T. Banister
Criminal District Attorney
Corsicana, Texas

Dear Sir:

Opinion No. O-3701
Re: Would it be legal to pay
the traveling expenses of
the county judge where the
commissioners' court entered
an order formally instructing
the county judge to make a
rather distant trip for a
specific purpose directly
connected with the county
welfare?

Your letter of June 17th contains the above question upon which you request the opinion of this department. As to our recent inquiry concerning the specific purpose of the trip, we wish to acknowledge receipt of your letter of June 26th, wherein you favor us by stating the order as follows:

"'Motion was made by commissioner _____, seconded by commissioner _____ that the county judge be instructed to travel to Austin, Texas, for the purpose of transacting certain business in connection with the issuance of road bonds by Navarro County and that all expenses of the county judge incident to said trip be paid out of the general fund of Navarro County. Said motion carried unanimously.'"

In the absence of a valid statute, the commissioners' court has no authority to allow any sums of money to its members for expenses and this department has repeatedly so ruled.

We quote the following from Texas Jurisprudence, Vol. 2, Pages 563, 4 and 5.

"Counties, being component parts of the
State, have no powers or duties except those
which are clearly set forth and defined in
the Constitution and statutes. The statutes
have clearly defined the powers, prescribed
the duties, and imposed the liabilities of
the commissioners' courts, the medium through
which the different counties act, and from
these statutes must come all the authority
rested in the counties. * * * Commissioners'
courts are courts of limited jurisdiction in
that their authority extends only to matters
pertaining to the general welfare of their
respective counties and that their powers are
only those expressly or impliedly conferred
upon them by law,--that is, by the Constitution
and statutes of this State."

In our Opinion No. O-2475, approved June 29, 1940, a
copy of which we enclose, a similar question was presented and
in answer to same we ruled that Collin County would not legally
pay the traveling expenses of county commissioners for trips to
Austin on official business.

It is, therefore, the opinion of this department that
the commissioners' court cannot legally allow to the county
judge to be paid out of county funds, expenses incurred on the
trip to Austin on official business of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ Wm. J. R. King
                    Assistant

APPROVED JUL 7, 1941

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WJRK:RS:RLT

ENCLOSURE

APPROVED
Opinion
Committee
By   BWB
     Chairman

WJF